WILLO V. NEWMAN. *Appellant*, v. MARGARET F. SMITH, AS EXECUTRIX OF THE ESTATE OF L. W. SMITH, DECEASED, *Appellee*.

On Petition for Rehearing.

BROWNE, C. J.,—This case was orally argued by able counsel on both sides who submitted learned and exhaustive briefs, which, together with the record, received careful consideration of the court. The judgment of the lower court was affirmed in an opinion by a majority of the court, two justices dissenting.

A petition for rehearing was filed and after a very full consideration of it, and a further consideration of the record, a rehearing was granted and the cause again ably and exhaustively argued on both sides.

The record and briefs were again carefully and thoroughly examined and considered by the court, and the judgment of the lower court was reversed in an opinion concurred in by a majority of the court, two justices dissenting.

There is no question raised by the record or the briefs that was not fully considered by the court; there is nothing that it failed to take into consideration and nothing that it ignored, in the long and very careful examination and consideration that was given to this cause.

The nineteenth ground of the petition calls attention to some inferences drawn from the testimony which by a mistake appear in the opinion as if they were contained in letters from Mr. Smith to his daughter. These inferences were drawn from the testimony of McIntosh and Newman as well as from the letters. The inference that

the daughter "would have all he had when he died" while not unavoidable, is one that might have been drawn from what took place between Smith and his son-in-law, Newman, when he gave him a list of the property he owned in Tampa and told him "to keep it" and that "it would be of much benefit to his daughter," taken in connection with this statement in his letter of May 4th, 1907, "You need pay no attention to what little I give other people, your time will come some of these days in the near future and in a substantial manner."

The statement in the opinion to which exception in taken may be omitted without in anywise affecting the conclusion reached on the entire record, and this will be done, and the words quoted herein from Smith's letter to his daughter substituted therefor.

The petition for rehearing has had the most careful and thorough cosnideration of the court and we find nothing therein that warrants our granting it, and it is, therefore, denied.

TAYLOR AND ELLIS, JJ., concur.